# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**BETTY CHAVEZ,**

      **Plaintiff,**

v.                                       No. CIV 97-0448 JP/JHG

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

### NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to **28 U.S.C. § 636 (b)(1)**, file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

### PROPOSED FINDINGS

1.      Plaintiff (Chavez) invokes this Court's jurisdiction under **42 U.S.C. §405(g)**, seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner). The Commissioner determined Chavez is not eligible for supplemental security income. Chavez moves this Court for an order reversing or remanding this matter to the Commissioner for a rehearing. This Court reviews the Commissioner's decision to determine whether his findings are supported by

substantial evidence and whether he applied correct legal standards in making his decision. *Washington v. Shalala,* **37 F.3d 1347, 1349** (**10th Cir. 1994**).

**Administrative History**

2. Chavez's application for supplemental security income was denied at the administrative level both initially and on reconsideration. Chavez requested and received *de novo* review before an administrative law judge (ALJ). The ALJ held a hearing on June 27, 1995, at which Chavez and her attorney appeared. On April 26, 1996, the ALJ found that Chavez was not disabled within the meaning of the Social Security Act. On March 12, 1997, the Appeals Council denied Chavez's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes.

**Statement of Facts**

3. Chavez filed the application for supplemental security income at issue on April 13, 1993, alleging disability since 1984, due to blackouts, seizures, headaches, back pain and rib pain. Tr. 13; 50. She was 33 years old on the date of the ALJ's decision, had a high school education, vocational training, and had worked as a dishwasher, file clerk, grocery clerk, attendance clerk, and cashier/restaurant worker. Tr. 12.

**The Decision of the Commissioner**

4. The ALJ decided Chavez's prior application for supplemental security income should not be reopened. Tr. 13. The ALJ determined Chavez had not engaged in substantial gainful activity during the period at issue. *Id.* At step two, the ALJ found Chavez's impairments were severe in that they more than minimally affected her ability to perform basic work-related activities. *Id.* At step three, the ALJ determined Chavez's impairments, singly or in combination did not meet or equal the

listings. *Id.* The ALJ found Chavez had the residual functional capacity to perform work which is not highly complex in nature and does not entail working around dangerous moving machinery or unprotected heights. Tr. 14. To the extent Chavez's subjective complaints were inconsistent with that assessment, the ALJ found they were not credible. Tr. 14-15. At step four, the ALJ found Chavez was able to perform her past relevant work as a file clerk, grocery clerk, and/or restaurant worker/cashier. Tr. 18. Therefore, the ALJ concluded Chavez was not disabled within the meaning of the Social Security Act. *Id*.

**Discussion**

5.  The function of this Court on review is not to try the plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence and whether she applied correct legal standards. ***Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992)**. The district court should not blindly affirm the Commissioner's decision, but must instead scrutinize the entire record to determine if the decision is supported by substantial evidence and if the law was correctly applied. ***Hogan v. Schweiker,* 532 F.Supp. 639, 642 (D. Colo. 1982)**.

6.  Substantial evidence is more than a mere scintilla. ***Richardson v. Perales,* 402 U.S. 389, 401 (1971)**. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1047 (10th Cir. 1993)**. Failure to apply correct legal standards also constitutes grounds for reversal. *Id.*

7.  The Social Security Administration has promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled. **20 C.F.R. §§ 404.1520 and 416.920 (1993)**. At the first three levels of the sequential evaluation process, the claimant must

show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under **20 C.F.R. Part 404, Subpt. P, App. 1 (1993)**.

8.      If the plaintiff cannot show that she has met or equaled a listing, she must show at step four that she is unable to perform work she had done in the past. **20 C.F.R. §§ 404.1520 and 416.920 (1993)**. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.* If a determination of disability is made at any step, further inquiry is not required. *Id.*

9.      Chavez argues the ALJ erred in rejecting the medical opinions of two treating physicians; gave too much consideration to her daily activities; and erred in evaluating her mental impairment.

10.     Chavez contends the ALJ erred in rejecting the opinions of Dr. Gallegos and Dr. Leiby. On May 6, 1994, Dr. Gallegos, Chavez's treating physician, wrote a letter to the Disability Determination Unit stating he felt she was disabled. Tr. 183. On December 2, 1994, Dr. Leiby, her treating psychiatrist wrote a letter stating Chavez remained disabled due to post traumatic stress disorder and major depression complicated by chronic headaches and a seizure disorder. The ALJ did not accept either opinion. Tr. 16.

11.     A treating physician's opinion is generally entitled to substantial weight. ***Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987).** However, a treating physician's opinion may be disregarded if it is not supported by specific findings or if it is inconsistent with other substantial

evidence in the record. *Castellano v. Secretary*, **26 F.3d 1027, 1029 (10th Cir. 1994)**. In determining the appropriate weight to give any medical opinion, the ALJ must consider the following specific factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by substantial evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. ***Goatcher v. U.S. Dept. of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995)(citing 20 C.F.R. § 404.1527(d)(2)-(6)).**

12. In this case, the ALJ rejected the opinions of Dr. Gallegos and Dr. Leiby because neither doctor had treated Chavez for seizures or headaches, the record did not contain objective medical evidence which confirmed these conditions restricted her ability to perform work activities, neither doctor explained why she could not work, the opinions were not supported by the doctors' own findings or other findings of record, plaintiff was only prescribed medications for her mental problems for two or three months, no medical personnel ever reported problems with concentration, her daily activities were inconsistent with her allegations, and the doctors may have been persuaded by her statements which the ALJ had found were not credible. Tr. 16-17. These were appropriate and legitimate reasons to discount the opinions of Dr. Gallegos and Dr. Leiby. Moreover, substantial evidence supported the ALJ's decision in this regard.

13. Chavez argues the list of daily activities cited by the ALJ to support her finding that she can return to her past relevant work is improper. The ALJ may consider anecdotal evidence,

along with the medical evidence, to determine whether a claimant is disabled. ***Talbot v. Heckler*, 814 F.2d 1456, 1462 (10th Cir. 1987)**. In this case, the ALJ considered Chavez's rather extensive daily activities, along with the rest of the evidence, in analyzing her residual functional capacity. Tr. 14. This was not error. The ALJ properly analyzed Chavez's residual functional capacity. The ALJ applied correct legal standards and substantial evidence supports her decision.

14. Chavez contends the ALJ erred in finding her mental impairment only excluded highly complex work. Specifically, Chavez claims the ALJ failed to recognize people with mental problems often deny such problems and the ALJ should have considered the possibility Chavez suffered from associative amnesia. The ALJ has the authority to resolve conflicts in the evidence. ***Casias v. Secretary of Health and Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).** The mere fact Chavez suffered from a mental impairment does not automatically establish this problem was disabling. ***Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988).** The record does not contain any evidence Chavez had associative amnesia or denied the existence of her mental problems. A review of the record and the decision of the ALJ establishes the ALJ properly considered all the evidence regarding Chavez's mental condition and substantial evidence of record supports her findings.

## RECOMMENDED DISPOSITION

The ALJ applied correct legal standards and substantial evidence supports the

decision. The motion to reverse or remand administrative agency decision should be denied and this case should be dismissed.

_____
JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE